UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| DANIEL MIZRAHI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER<br>PROTECTION,<br><br>Defendants. | Civil Action No. 26-cv-21329 |

## ANSWER

Defendant U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1). Defendant responds to the paragraphs and prayer for relief contained in the Complaint below.  Plaintiff has not numbered the paragraphs in his Complaint.  The numbers assigned to the paragraphs here correspond to the order of unnumbered paragraphs in the Complaint. For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

To the extent that any allegation is not admitted herein, it is denied. Without waiving any defenses or objections, and in response to the paragraphs in Plaintiff's Complaint, Defendants answer as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action and Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant admits that this action purports to be brought

1

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., respectfully refer the court to the FOIA in its entirety for an accurate and complete reading of its contents and deny any allegation inconsistent therein.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 consist of conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits only that this Court has jurisdiction subject to the limitations of the FOIA and deny any allegations inconsistent therein.

3. The allegations contained in Paragraph 3 consist of conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits only that venue is subject to the limitations of the FOIA, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residence as contained in Paragraph 19 and deny the remaining allegations.

## PARTIES

4. The allegations contained in Paragraph 4 consist of Plaintiff's characterization of Plaintiff Daniel Mizrahi, and requires no response. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as contained in Paragraph 4, which are denied.

5. Defendant admits that the CBP is a component of DHS and is subject to the requirements of the FOIA.

## FACTUAL BACKGROUND

6. Defendant admits that, on or around July 3, 2025, it received a FOIA request from

2

Plaintiff dated on or about July 3, 2025, which speaks for itself and is the best evidence of its contents. To the extent that a response is deemed required, Defendant respectfully refers the Court to the text of Plaintiff's FOIA requests for an accurate and complete reading of their contents and deny any allegations inconsistent therein.

7.  Defendant admits that it produced records in response to Plaintiff's FOIA request. Defendant further admits that the response cited FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  To the extent Plaintiff's Complaint contains conclusions of law, no response is required.  Defendant denies the remaining allegations.

8.  Defendant admits that, on or around November 18, 2025, Plaintiff filed an administrative appeal in response to its decision to Plaintiff's FOIA request.  To the extent Plaintiff's Complaint contains conclusions of law, no response is required.  Defendant denies the remaining allegations.

9.  Defendant admits that CBP has not issued a final decision to Plaintiff's administrative appeal filed on or around November 18, 2025.  To the extent Plaintiff's Complaint contains conclusions of law, no response is required.  Defendant denies the remaining allegations.

10. Defendant admits that, on or around January 26, 2026, Plaintiff filed an administrative appeal.  To the extent Plaintiff's Complaint contains conclusions of law, no response is required.  Defendant denies the remaining allegations.

11. Defendant admits that, on or around January 30, 2026, it closed Plaintiff's administrative appeal dated January 26, 2026.  To the extent Plaintiff's Complaint contains conclusions of law, no response is required.  Defendant denies the remaining allegations.

12. Plaintiff's paragraph concerning exhaustion of administrative remedies contains conclusions of law, to which no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### Failure to Comply with FOIA Deadlines

13. Defendant reincorporates paragraphs 1 through 12 above as if fully set forth herein.

14. The allegations contained in Count I consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for a complete and accurate reading of its contents, denies any allegation inconsistent therein, and denies any remaining allegation.

### COUNT II
### Unlawful Withholding of Records

15. Defendant reincorporates paragraphs 1 through 14 above as if fully set forth herein.

16. The allegations contained in Count II consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for a complete and accurate reading of its contents, denies any allegation inconsistent therein, and denies any remaining allegation.

### COUNT III
### Failure to Segregate Non Exempt Material

17. Defendant reincorporates paragraphs 1 through 16 above as if fully set forth herein.

18. The allegations contained in Count III consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for a complete and accurate reading of its contents, denies any allegation inconsistent therein, and denies any remaining allegation.

19.

4

## COUNT IV
### Improper Invocation of FOIA Exemptions

20. Defendant reincorporates paragraphs 1 through 18 above as if fully set forth herein.

21. The allegations contained in Count IV consist of factual assumptions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for a complete and accurate reading of its contents, denies any allegation inconsistent therein, and denies any remaining allegation.

## AFFIRMATIVE DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant hereby alleges as follows:

## FIRST DEFENSE

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Any information that Defendant have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.* Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusion to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

Defendant is entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

## FOURTH DEFENSE

If documents responsive to Plaintiff's request exist, such documents, or portions thereof, are exempt from disclosure to the extent provided by applicable FOIA exemptions, 5 U.S.C. § 552(b).

## FIFTH DEFENSE

Plaintiff is not eligible nor entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

## SIXTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## SEVENTH DEFENSE

Plaintiff failed to exhaust administrative remedies.

## EIGHTH DEFENSE

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Respectfully submitted,

JASON A. REDING QUIÑONES

6

UNITED STATES ATTORNEY

s/Carlos Raurell
Fla. Bar. No. 529893
Assistant United States Attorney
99 N.E. 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9243
Email:  carlos.raurell@usdoj.gov
*Counsel for Defendant*

7